| | |
|---|---|
| Penn Mutual Life Insurance Company, | Case No. 0:18-cv-1655-KMM |
| Plaintiff, | |
| v. | |
| | ORDER |
| Myrna J. Rufer, et al., | |
| Defendants. | |

The Plaintiff, Penn Mutual Life Insurance Company ("Penn Mutual"), commenced this interpleader action seeking leave to deposit the death benefits of a life insurance policy with the Court, discharge from liability relating to the distribution of the benefits among the Defendants, and to be dismissed from this action. Compl., ECF No. 1. Penn Mutual also seeks an order awarding its costs, disbursements, and attorney's fees incurred as a result of this action, *id.* at 5, ¶ F, and the matter is before the Court on its Motion for Attorney Fees, Pl.'s Mot., ECF No. 30. Specifically, Penn Mutual asks the Court to allow it to deposit the benefit with the Court and to award it $8,310 in fees and costs incurred in bringing this action. Pl.'s Mot.; Priebe Aff. ¶ 8, ECF No. 32; Suppl. Priebe Aff., ECF No. 36. Defendants Myrna Rufer, Stephen Rufer, and Leslie Bock do not contest that Penn Mutual is entitled to an award of fees and costs, but they argue that the request is too high. Defs.' Resp., ECF No. 33.

A plaintiff in an interpleader action such as this is entitled to recover fees and costs where a court finds that the plaintiff: "(1) [is] a disinterested stakeholder; (2) who has conceded liability; (3) has deposited the funds into court; and (4) has sought a discharge from liability." *Protective Life Ins. Co. v. Kridner*, No. 12-cv-582 (JRT/JJG), 2013 WL 1249205, at *3 (D. Minn. Mar. 27,

2013). There is no dispute that Penn Mutual meets these criteria, and the Court finds that the requisite showing has been made.

The fees and costs sought by Penn Mutual must be reasonable. *Kridner*, 2013 WL 1249205, at *5 (citing *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999)). "In general, interpleader should be a simple, speedy, efficient, and economical remedy, and bringing an action for interpleader does not usually involve any great amount of skill, labor or responsibility." *Id.* (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)) (internal quotation marks omitted). As a result, the reasonable fees in such a case are "modest," and the court should avoid awarding fees that would "deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* (quoting *Trs. of Dirs. Guild of Am.–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000)).

The Court determines that $4,000 represents a reasonable award of attorney's fees and costs. Penn Mutual's billing records reflect that two attorneys at Foley & Mansfield respectively charged $250 and $175 per hour in connection with this action, Priebe Aff., Ex. A; Suppl. Priebe Aff., Ex. B, which the Court finds are reasonable hourly rates for this action. The award of $4,000 represents a reasonable number of hours spent prosecuting this interpleader action and reimburses Penn Mutual for the costs it has incurred. The Court further finds that this award is reasonable in light of the $75,371 fund that is at issue in this case.[1] A greater award would risk depleting the fund at the expense of the party or parties who are ultimately entitled to it.

---

[1] The Court has also discounted the award requested by Penn Mutual to exclude legal fees incurred in attempting to recover a fee award. *See Kridner*, 2013 WL 1249205, at *7 (declining to award fees incurred by the interpleader plaintiff in bringing the motion for recovery of fees).

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1.      Penn Mutual's Motion for Award of Attorneys' Fees and Leave to Deposit Funds with the Court (ECF No. 30), is **GRANTED** as provided herein.

2.      Penn Mutual's request for leave to deposit funds with the Court is **GRANTED.** Pursuant to Fed. R. Civ. P. 67 and Local Rule 67.1, Penn Mutual shall deposit $71,371 (representing the benefit of the policy at issue, less Penn Mutual's reasonable attorneys' fees and costs totaling $4,000).

3.      Penn Mutual is discharged from any further liability with respect to the funds to be placed on deposit with the Clerk of Court.

4.      Penn Mutual is **DISMISSED WITH PREJUDICE** from this action.

**Let Judgment be entered accordingly.**

Date: February 4, 2019                         *s/ Katherine Menendez*
                                               Katherine Menendez
                                               United States Magistrate Judge